# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

DAVID SANDERS                                                              PLAINTIFF

v.                                                                                          No. 1:17CV217-DAS

ITAWAMBA COUNTY, ET AL.                                     DEFENDANTS

## ORDER OF DISMISSAL

The court, *sua sponte,* takes up the dismissal of the plaintiff's case filed under 42 U.S.C. § 1983. The plaintiff, a prisoner proceeding *pro se*, seeks review of his sentence imposed under the laws of Mississippi. The plaintiff alleges that he was convicted for a felony that does not exist: possession of tobacco in a corrections facility. As the court noted in Mr. Sanders' recently dismiss petition for a writ of *habeas corpus*, Mr. Sanders makes a compelling argument.[1] In this case, however, he does not challenge the conditions of his confinement, as required under 42 U.S.C. § 1983; he instead challenges the fact and duration of his confinement, a claim which he must bring under 28 U.S.C. § 2254 in a *habeas corpus* petition. A claim under 42 U.S.C. § 1983 does not accrue until the conviction or sentence has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994). The plaintiff has not shown that his conviction or sentence has been reversed, expunged, invalidated or impugned by the grant of a writ of *habeas corpus*.

As such, his claims under 42 U.S.C. § 1983 are not ripe for consideration, and this case is **DISMISSED** for failure to state a claim upon which relief could be granted, counting as a "**STRIKE**" under 28 U.S.C. § 1915(g). The dismissal is without prejudice to the plaintiff's ability to exhaust his claims in state court, then file a petition for a writ of *habeas corpus* under

---

[1] The court notes that the plaintiff's petition for a writ of *habeas corpus* in this court was dismissed for failure to exhaust state remedies; as such, the court could not reach the merits of his claims. *Sanders v. Itawamba County, Mississippi*, 1:16CV143-GHD-RP (N.D. Miss.)

28 U.S.C. § 2254.

In light of this ruling, the following motions are **DISMISSED** as moot:

[10] Motion to Amend Complaint;

[12] Motion to Amend Complaint;

[13] Motion to Appoint Counsel;

[16] Motion for Complete Copy of File;

[17] Motion for Complete Copy;

[18] Motion to Amend Complaint;

[19] Motion (Emergency Motion);

[20] Motion for Spears Hearing;

[21] Motion to Appoint Counsel;

[22] Motion to Amend Complaint; and

[23] Motion to Amend Complaint.

It is unclear to the court whether Mr. Sanders has presented the Magistrate Judge's Order for a Briefing Schedule and the court's opinion from his *habeas corpus* case (*Sanders v. Itawamba County, Mississippi*, 1:16CV143-GHD-RP (N.D. Miss.)) to the Itawamba County Circuit Court for resolution. If this court has correctly identified a bona fide error as to Mr. Sanders' conviction and sentence on the possession of tobacco charge, then the state courts can correct it. The state court will have the complete record at its disposal and, if warranted, should be able to resolve the issue promptly.

**SO ORDERED**, this, the 12th day of April, 2018.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE