# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**DAVID SANDERS**                                                                                  **PLAINTIFF**

**v.**                                                                                              **No. 1:17CV217-DAS**

**ITAWAMBA COUNTY, ET AL.**                                                                         **DEFENDANTS**

### ORDER *DENYING* PLAINTIFF'S MOTION FOR A
### TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION

This matter comes before the court on the plaintiff's motion for a temporary restraining order or, in the alternative, for a preliminary injunction. The plaintiff is an inmate currently housed at the Marshall County Correctional Facility in Holly Springs, Mississippi. He seeks an order from the court transferring him to a "Federal Detention Facility." For the reasons set forth below, the instant motion will be denied.

### Preliminary Injunctions

Both temporary restraining orders and preliminary injunctions are governed by Fed. R. Civ. P. 65. Though the same criteria govern the issuance of preliminary injunctions and temporary restraining orders, the purpose and form of relief differ for each. The purpose of a preliminary injunction is to preserve the status quo during the course of litigation until the court can hold a trial on the matter. Steven S. Gensler, 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 65, Practice Commentary; *Univ. of Tex. V. Camenisch*, 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981). When adjudicating a preliminary injunction, the court must provide notice to all parties and give them a chance to be heard. Fed. R. Civ. P. 65(a)(1). Once issued, a preliminary injunction stays in effect until the court grants final relief or otherwise modifies the order. Steven S. Gensler, 1 Federal Rules of Civil Procedure, Rules and

Commentary Rule 65, Practice Commentary. Once the court issues final relief, the preliminary injunction dissolves, as the court need no longer rely on its equitable powers to provide interim relief. 11A, Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2947 (3d ed.); *U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1094 (9th Cir. 2010). A ruling on a preliminary injunction is immediately appealable:

> [T]he courts of appeals shall have jurisdiction over appeals from . . . [i]nterlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing, or dissolving injunctions, or refusing to dissolve or modify injunctions . . . .

28 U.S.C.A. § 1292(a)(1).

## Temporary Restraining Orders

Similarly, the purpose of a temporary restraining order is to preserve the status quo and prevent irreparable harm, *but only until the court can hold an adversarial hearing for a preliminary injunction*. Fed. R. Civ. P. 65(b)(3), *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 438-439, 94 S.Ct. 1113 (1974). Thus, a temporary restraining order may be granted *ex parte*, but it only lasts for 14 days (28 days if the court permits, with a showing of good cause). Fed. R. Civ. P. 65(b)(2). *Ex parte* temporary restraining orders are disfavored, and courts seldom grant them. Steven S. Gensler, 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 65, Practice Commentary. Once the court rules on a motion for preliminary injunction, then the temporary restraining order has served its purpose and should be dissolved. *Granny Goose*, 415 U.S. at 443. Neither party may appeal a district court's ruling on a temporary restraining order, as it has an extremely limited duration. *Chicago United Industries, Ltd. V. City of Chicago*, 445 F.3d 940, 943 (7th Cir. 2006). However, once the district court rules on a motion for preliminary injunction regarding the issue, the parties may appeal *that* order. *Northeast Ohio Coalition for Homeless*

*Service Employees Intern. Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1005 (6th Cir. 2006).

## Elements of Temporary Restraining Order or Preliminary Injunctive Relief

A party must prove four elements to be entitled to preliminary injunctive relief or a temporary restraining order: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996); *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1058, 134 L. Ed. 2d 202 (1996); *Cherokee Pump & Equipment, Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994); *Doe v. Duncanville Independent School District*, 994 F.2d 160, 163 (5th Cir. 1993); *Plains Cotton Co-op Association v. Goodpasture Computer Serv., Inc.*, 807 F.2d 1256, 1259 (5th Cir.), *cert. denied*, 484 U.S. 821, 108 S. Ct. 80, 98 L. Ed. 2d 42 (1987); *Canal Authority of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

Preliminary injunctions and temporary restraining orders are extraordinary remedies, *Cherokee Pump*, 38 F.3d at 249, "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *Cherokee Pump*, 38 F.3d at 249 (quoting *Mississippi Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)) ("The decision to grant a preliminary injunction is to be treated as the exception rather than the rule"). Under Fed. R. Civ. P. 65, the party seeking a preliminary injunction or temporary restraining order must give security in an amount the court deems proper (which can be zero in some circumstances).

## Analysis

The plaintiff is unable to demonstrate a substantial likelihood of success on the merits in light of his argument in the instant motion. First, the court does not have the power to transfer an inmate from state to federal custody. Second, Mr. Sanders' allegations are vague. He alleges, "*I have been told by guards and organization members* that if I get killed in prison that I will not win the habeas corpus or civil lawsuit." Doc. 11 at 1. He also alleges, "I have made *some very important people* mad in Itawamba County and Mississippi Department of Corrections about my habeas corpus and my civil lawsuit." *Id.* Similarly, he alleges, "The *guards and the inmates* work together cause they are the same organization members of the same gang." In addition, Mr. Sanders states, "There is a price on my head from Itawamba County." *Id*. at 2. Notably absent from these allegations is the identity of the people involved. Who are the "guards and organization members" threatening him? Who are the "guards and inmates" working together, and what are they trying to accomplish? Who are the "very important people in Itawamba County" angry enough to put "a price on [his] head?" Also, why would the "very important people" care enough about his five-year sentence for possession of contraband to seek his death, especially when he is serving a 22-year sentence on five convictions? Who would harbor enough enmity towards Mr. Sanders to want him dead – based on the difference between a 22-year sentence and a 17-year sentence? How does Mr. Sanders know the source of the threats against him? His allegations are skeletal and devoid of detail sufficient to warrant a hearing on the instant motion.

Mr. Sanders alleges the existence of a detention notice stating that MDOC officials have placed him in protective custody, which would provide him with significant protection. He may

also request to "red tag" any inmates he knows mean him harm – a procedure which requires prison officials to keep him separate from those people. These measures offer two layers of protection from any perceived threats.

Mr. Sanders has not provided sufficient detail to warrant the extraordinary remedy of a preliminary injunction or a temporary restraining order. In addition, he has not alleged who would bear him such ill will to seek his death for a reduction in sentence from 22 years to 17 years. As such, the plaintiff has not demonstrated a substantial likelihood that he will prevail on his claim, and the instant motion for a temporary restraining order or preliminary injunction is **DENIED**.

**SO ORDERED**, this, the 12th day of April, 2018.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE